**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

BROADCAST MUSIC, INC., *as agent for* )
*Broadcast Music, LLC*; WARNER- )
TAMERLANE PUBLISHING CORP.; )
STONE DIAMOND MUSIC CORP.; E.O. )
SMITH MUSIC; EMI BLACKWOOD )
MUSIC INC.; SONY/ATV SONGS LLC; )
HOUSE OF GAGA PUBLISHING LLC.; )
and REDONE PRODUCTIONS LLC d/b/a )
SONS OF REDONE, )
                                            )    Case No. 4:25-CV-00414-NCC
      Plaintiffs, )
                                            )
    v. )
                                            )
ELEVEN FOURTEEN OLIVE, LLC d/b/a )
THE CRACK FOX and CARRIE HARRIS, )
                                            )
      Defendants. )

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion for Summary Judgment (Doc. 27). Defendant filed a Memorandum in Support (Doc. 28). Plaintiffs filed a Memorandum in Opposition (Doc. 31). Defendants did not file a reply and the time for doing so has elapsed. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 25). For the following reasons, Defendants' Motion will be **DENIED**.

**I. Background[1]**

Defendant Eleven Fourteen Olive is a small drinking establishment that does business as "The Crack Fox" (hereafter referred), located at 1114 Olive Street in St. Louis, Missouri.

---

[1] These facts are taken from the parties' statements of fact (Docs. 29, 33), and attached exhibits (Doc. 29-1; Pl. Exs. A, B, C, D).

Defendant Harris is the sole member of Eleven Fourteen Olive.  On January 31, 2025, The Crack Fox offered a karaoke event called "Burleyoke."  An account named "crackfoxstl" advertised on Instagram, "Get your dollars ready to shower our Burleyoke trio while they perform as your back up dancers!  FRIDAY, January 31 at 8pm," followed by, "visit the link in our bio for tix."  Plaintiffs also submit as evidence a purported ticket to the Burleyoke event (spelled "Burlyeoke" on the ticket) for "January 31, 2025, 7:00 - 9:30 PM" at The Crack Fox's address, with "Admission - $16.97" listed under "Ticket & price" and the "[p]ayment status" denoted as "paid."  The ticket further states, "This is your event ticket.  Ticket holders must present their tickets on entry."

Plaintiff Broadcast Music, Inc. ("BMI") is a corporation granted the right to license the public performance rights of millions of copyrighted musical compositions (the "BMI Repertoire").  The remaining Plaintiffs are the owners of the copyrights in the musical compositions at issue.  On March 31, 2025, Plaintiffs filed a complaint against Defendants Crack Fox and Harris alleging five claims of copyright infringement via Defendants' transmission of songs from the BMI Repertoire at the January 31 karaoke event without a license or permission to do so.  Plaintiffs request injunctive relief, statutory damages, and attorneys' fees and costs. (Doc. 1).

On May 15, 2025, Plaintiffs filed a motion for entry of clerk's default against both defendants.  (Doc. 15).  On May 20, 2025, the clerk granted the motion and entered default against Defendants Eleven Fourteen Olive, LLC and Carrie Harris. (Doc. 16). On May 28, 2025, Defendants entered their appearances and filed a motion to set aside the default order. (Docs. 18, 19).  Defendants explained that personal and professional matters contributed to their delay, in addition to inexperience with litigation and confusion regarding filing deadlines.  Plaintiffs filed their response on July 16, 2025, communicating that they did not oppose Defendants' request to

2

set aside the entry of default.  (Doc. 24).  The Court set aside the Clerk's Entry of Default on October 3, 2025.  (Doc. 26).

In their present motion for summary judgment, Defendants concede that the songs at issue are licensed by the respective Plaintiffs, but assert that they are exempt from liability for copyright infringement as a matter of law under 17 U.S.C. § 110.  Specifically, Defendants invoke the so-termed "homestyle exception," intended to "exempt small commercial establishments whose proprietors merely bring onto their premises standard radio or television equipment and turn it on for their customers' enjoyment." *Edison Bros. Stores v. Broad. Music, Inc.*, 760 F. Supp. 767, 770 (E.D. Mo. 1991), *aff'd*, 954 F.2d 1419 (8th Cir. 1992) (internal citation omitted).  "[T]he exemption is available only if (1) a single receiving apparatus is used, (2) the single receiving apparatus is of a kind commonly used in private homes, (3) the transmission is provided free of charge, and (4) the transmission is not 'further transmitted' to the public." *Broad. Music, Inc. v. Claire's Boutiques, Inc.*, 949 F.2d 1482, 1489 (7th Cir. 1991); *see also Edison Bros. Stores*, 760 F. Supp. at 770; 17 U.S.C. §110(5)(B)(ii)-(v).  Defendants contend that they satisfy these elements and are entitled to judgment in their favor.  By way of evidence, Defendants submit an affidavit from Defendant Harris conveying that, on January 31, 2025, the karaoke event was "incidental to the sale of beverages that evening and no direct charge was made to see, hear, or otherwise participate in karaoke" and that the karaoke was "not further transmitted beyond the limited physical space" of The Crack Fox establishment.  (Doc. 29-1).

Plaintiffs respond that (1) Defendants' motion is premature because the parties have not conducted discovery, and request that the Court deny or defer ruling on the motion under Rule 56(d); and (2) there are ongoing issues of material facts such that summary judgment is inappropriate at this time.  Plaintiffs assert that the evidence submitted by Defendants in support

3

of their motion is insufficient to support judgment in their favor.  For example, Plaintiffs point out Defendant' failure to establish, as they must, that the transmission of the musical works at issue originated by a radio or television broadcast stationed licensed as such by the Federal Communications Commission (FCC).  Plaintiffs also submit evidence, including tickets and social media advertisements suggesting that there was a ticket charge for the karaoke event, disputing the assertions in Defendant Harris' affidavit.

## II.  Standards

### A.  Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(a), a court may grant a motion for summary judgment if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.*, 838 F.2d 268, 273 (8th Cir. 1988).  Once the moving party demonstrates that there is no genuine issue of material fact, the nonmovant must do more than show there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Instead, the nonmoving party bears the burden of setting forth affirmative evidence and specific facts by affidavit and other evidence showing a genuine factual dispute that must be resolved at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Celotex*, 477 U.S. at 324.  "A dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Herring v. Canada Life Assur. Co.*, 207 F.3d 1026, 1030 (8th Cir. 2000) (quoting *Anderson*, 477 U.S. at 248).  In ruling on a motion for summary judgment, all reasonable inferences must be drawn in a light most favorable to the nonmoving party. *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005).  The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d

4

742, 750 (8th Cir. 2008).

"As a general rule, summary judgment is proper only after the nonmovant has had adequate time for discovery." *Hamilton v. Bangs, McCullen, Butler, Foye & Simmons, L.L.P.*, 687 F.3d 1045, 1049-50 (8th Cir. 2012) (quoting *Iverson v. Johnson Gas Appliance Co.*, 172 F.3d 524, 530 (8th Cir. 1999) (internal quotation omitted)). "'Nonmovants may request a continuance under Rule 56(d) until adequate discovery has been completed if they otherwise cannot present facts sufficient to justify their opposition.  This option exists to prevent a party from being unfairly thrown out of court by a premature motion for summary judgment.'" *Id.* at 1050 (quoting *Iverson*, 172 F.3d at 530).  Under Rule 56(d), however, the nonmovant must present an affidavit or declaration showing what "further discovery might uncover, or what information further discovery might reveal." *Id.* (internal quotations and citations omitted). "The purpose of Rule 56(d) is 'to provide an additional safeguard against an improvident or premature grant of summary judgment...and [the rule] should be applied with a spirit of liberality.'" *Desirey v. Huawei Device USA, Inc.*, 2013 WL 5676310, at *1 (E.D. Mo. Oct. 18, 2013) (quoting *U.S. ex. rel Bernard v. Casino Magic Corp.*, 293 F.3d 419, 426 (8th Cir. 2002)).

### III.  Discussion

The Court first turns to Plaintiffs' request under Rule 56(d).  Plaintiffs maintain that Defendants' motion is premature, as the parties have not commenced discovery.  (Doc. 32).  In support of their assertion, Plaintiffs provide the declaration from attorney of record, Brendan F. McGuire Jr., in which he attests to the need for discovery in several areas, such as specific details about the The Crack Fox's space and the nature of the transmissions that occurred during the January 31 karaoke event, as well as the bases or knowledge upon which Defendant Harris makes the assertions contained in her affidavit.   (Pl. Ex. D).

Upon review of the record, the Court notes that this case is in the early stages of litigation, as little or no discovery had been conducted at the time the current motion for summary judgment was filed. Specifically, the Court set aside the Clerk's Entry of Default with respect to Defendant on October 3, 2025, and on October 9, 2025, Defendant filed the present Motion for Summary Judgment.  Plaintiffs have made a good faith showing that additional discovery may inform their response to Defendants' motion for summary judgment. Under these circumstances the Court agrees that Defendants' motion is premature, and thus will deny Defendants' motion for summary judgment without prejudice.  *See Shuck v. International Ass'n of Machinists and Aerospace Workers, Dist. 837*, 2014 WL 5766640, at *3 (E.D. Mo. Nov. 5, 2014) (denying defendant's motion for partial summary judgment as premature where discovery deadlines had not lapsed and plaintiff demonstrated she did not have adequate time to complete discovery and file a response); *Desirey*, 2013 WL 5676310, at *2 (granting plaintiff additional time to take discovery to fully respond to defendants' summary judgment motion); *M.R. v. Twin City Fire Ins. Co.*, 2013 WL 150259, at *1 (E.D. Mo. Jan. 14, 2013) (denying as premature plaintiff's motion for partial summary judgment where defendant did not have sufficient time to conduct discovery, and defendant "identified specific discovery it has requested from Plaintiff that bears on the issues raised by Plaintiff").

Furthermore, the Court notes that there clearly remain genuine disputes of material fact. Defendants assert no direct charge was made for the karaoke event; Plaintiffs contend that there was a direct charge and submit purportedly paid tickets to the event as evidence, with no response to the contrary from Defendants.  (Pl. Ex. A).  Defendants assert that The Crack Fox meets the square footage requirement of the homestyle exception because it has less than 3,750 gross square feet of space; Plaintiffs respond that they do not currently have access to documentation that would corroborate such evidence and they have reason to believe Defendants

6

did not calculate appropriately—specifically by excluding outdoor dining areas—based on public information from the City of St. Louis Permits and Licenses Data.  (Pl. Exs. C, D).  Nor have Defendants established, as Plaintiffs correctly point out, that Defendants used a radio or television broadcast station licensed as such by the FCC for the January 31 karaoke transmissions.  Instead, Plaintiffs submit evidence showing that the event involved an individual named "KJ Jupiter," who Plaintiffs assert upon information and belief is a "Karaoke Jockey" curating musical works during live performances.  (Pl. Ex. B).  The homestyle exemption "applies to radio and television broadcasts, not live performances." *Broad. Music, Inc. v. Lockhart*, 2020 WL 2511335, at 2 (6th Cir. Mar. 27, 2020); *see also* 17 U.S.C.A. § 110(5)(B) (transmission or retransmission must have "originated by a radio or television broadcast station licensed as such by the Federal Communications Commission" for exception to apply).

As the above factors are essential elements to the exception at the heart of Defendants' summary judgment motion, the Court also finds that summary judgment is inappropriate at this time due to the ongoing dispute of material facts.

### IV.  Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (Doc. 27) is **DENIED without prejudice**.

Dated this 9th day of June, 2026.

 /s/ Noelle C. Collins　　　　
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE
